Darin M. Sands, Bar No. 257363
sandsd@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Plaintiff
  DiscoverOrg Data, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DISCOVERORG DATA, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BITNINE GLOBAL, INC., a California corporation,<br><br>Defendant. | Civil No. 5:19-cv-8098<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**(1) Theft of Trade Secrets**<br>**(2) Misappropriation of Trade Secrets**<br>**(3) Misappropriation**<br>**(4) Copyright Infringement**<br>**(5) Circumvention of Copyright Protection Systems**<br>**(6) Unjust Enrichment**<br>**(7) Negligence**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff DiscoverOrg Data, LLC ("DiscoverOrg"), for its complaint against Bitnine Global, Inc. ("Bitnine"), alleges as follows:

## INTRODUCTION

DiscoverOrg curates a highly accurate database of information used by businesses worldwide in connection with their business-to-business sales, marketing, and recruiting. DiscoverOrg invests millions of dollars annually to build and maintain its database and associated intellectual property and to constantly verify, update, and expand upon the information it provides to customers. To use this database, DiscoverOrg's customers pay tens and sometimes hundreds of thousands

of dollars in subscription fees. The success of DiscoverOrg's business model depends on a customer's faith on the continued availability—and exclusivity—of DiscoverOrg's database.

Instead of paying for a subscription like other customers, Bitnine stole more than 273,000 records from DiscoverOrg's database, which it used for months to market its products and services. DiscoverOrg brings this suit to protect its highly valuable intellectual property, recover its damages, and ensure fairness for itself and for its customers.

## PARTIES

1. DiscoverOrg is a Delaware limited liability company. Its principal place of business is located in Vancouver, Washington.

2. Bitnine Global, Inc. is a California corporation. Its principal place of business is located in Santa Clara, California.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Bitnine, because its principal place of business is located in this district. Venue is proper in this district, because Bitnine resides in this district. 28 U.S.C. §§ 1391(b)(1) and 28 U.S.C. § 1400(a).

## INTRADISTRICT ASSIGNMENT

5. Pursuant to Local Rule 3-2(e), this action arises in the county of Santa Clara, and therefore, belongs in the San Jose Division.

## FACTS AND ALLEGATIONS

**A. DiscoverOrg's Platform.**

6. DiscoverOrg provides business-to-business marketing data, including business contact data, firmographic information, and other competitive intelligence. It delivers this data to paying subscribers via a password-secured, online graphical

user interface. DiscoverOrg's subscribers gain access to its database of marketing information profiling businesses in the United States and across the globe. DiscoverOrg has been recognized as an industry leader in sales and marketing intelligence. The depth, breadth, and accuracy of DiscoverOrg's database is unrivaled in the marketplace.

7. DiscoverOrg has invested and continues to invest tens of millions of dollars to develop and maintain the infrastructure, content, and quality of its database. To deliver timely and comprehensive data to DiscoverOrg's clients, DiscoverOrg employs approximately 200 research analysts focused on building, managing, and updating DiscoverOrg's database. DiscoverOrg expends substantial labor, time, and resources to collect, organize, and disseminate the information in its database. In total, DiscoverOrg employs more than 1,000 people and has made significant investment in developing and purchasing software, hardware, and other equipment to continuously update and support the accuracy and comprehensiveness of its database. DiscoverOrg's database displays the selection, arrangement, orchestration, compilation, and presentation of the organizational charts, contacts, and other information collected and assembled by DiscoverOrg's analysts.

8. DiscoverOrg licenses access to its database to thousands of companies. DiscoverOrg's database is valuable to companies like Bitnine because they use the detailed information collected by DiscoverOrg to market their own products and services.

9. The database's value depends on its exclusivity. To protect the database's value, DiscoverOrg has implemented reasonable security measures. For example, access to DiscoverOrg's database requires a password, and only users that have signed restrictive license agreements receive this password. DiscoverOrg also uses mail monitoring and list protection to secure the integrity of its database.

## B. Bitnine's Wrongful Conduct.

10. Instead of acquiring a license from DiscoverOrg to access the proprietary and confidential subscriber-only portions of the platform, Bitnine gained unauthorized access to DiscoverOrg's proprietary information. Bitnine then used this information to sell its products and services. This conduct presents a critical threat to DiscoverOrg: if everyone did what Bitnine did, DiscoverOrg could not survive as a business, and the resource DiscoverOrg provides to its customers would be completely lost. Through its actions, Bitnine sought to enjoy a "free ride" off of the license fees paid by DiscoverOrg's legitimate customers.

11. Beginning in March 2019, Bitnine used DiscoverOrg's proprietary information to sell Bitnine's products and services. Bitnine exported at least 273,139 records from DiscoverOrg's database and commercially exploited that information for its sales and marketing purposes, including by conducting email marketing campaigns using the stolen data.

12. Bitnine acted knowingly, intentionally, and willfully in accessing and using DiscoverOrg's proprietary information without authorization and without compensating DiscoverOrg. Bitnine wrongfully profited from its unauthorized use of DiscoverOrg's proprietary information, including, but not limited to, by reducing the time, effort, and expense associated with identifying and contacting potential new customers and business opportunities.

13. Bitnine knew that DiscoverOrg's data was confidential and proprietary and subject to restrictive license agreements. Even so, Bitnine knowingly accessed and used DiscoverOrg's data for its own sales and marketing purposes without any license or authorization to do so. Bitnine took these actions to profit from DiscoverOrg's data without paying DiscoverOrg. Bitnine has wrongfully profited from these activities and has reduced the market value of DiscoverOrg's database.

14. At all relevant times, Bitnine had a duty to train and supervise the conduct of its employees and agents acting on its behalf. Bitnine breached this duty in two ways:

    (1) by failing to train and monitor its employees and agents adequately; and

    (2) by failing to have appropriate policies in place regarding unauthorized access to computer systems, communication, storage networks, and copyrighted works and trade secrets, and/or failing to enforce such policies.

15. On information and belief, all of Bitnine's alleged actions here were performed by employees or other agents of Bitnine within the scope of their employment or other agency relationship with Bitnine, on Bitnine's behalf, and for Bitnine's benefit.

## FIRST CLAIM FOR RELIEF

### (Theft of Trade Secrets - 18 U.S.C. § 1832 et seq.)

16. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 14.

17. DiscoverOrg gathers, organizes, generates, collects, and assembles in-depth, commercially valuable information (including reporting structures, contact information, and other data), expending substantial time, labor, and expense to do so. DiscoverOrg's database and the information contained therein comprise a compilation of business information. This information is used in interstate commerce.

18. The compilation of information in DiscoverOrg's database derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, those who are not licensed by DiscoverOrg to access the database. Specifically, DiscoverOrg works as a subscriber-based platform; to gain access to DiscoverOrg's collection of information, subscribers must pay a fee. Therefore, DiscoverOrg's very business model depends

on the secrecy and independent value of its information. If subscribers could get DiscoverOrg's information elsewhere for free or by paying less, they would. Non-licensees, such as Bitnine, obtain economic value from the disclosure or use of the information in DiscoverOrg's database.

19. DiscoverOrg has taken reasonable measures to protect and keep the information in its database secret. These measures include limiting access to those customers who agree to the terms of access in the licensing agreement and requiring password authentication to access the database through its secure online portal. DiscoverOrg also monitors access to the database and use of the information to further ensure its security.

20. Bitnine used improper means, including theft, to obtain access to and acquire information from DiscoverOrg's database. Bitnine knew or had reason to know, at the time it obtained and at the times it used DiscoverOrg's information, that this information was obtained from persons or entities owing DiscoverOrg a duty to maintain its secrecy.

21. Bitnine received and possessed information from DiscoverOrg's proprietary database that Bitnine knew to have been converted without authorization.

22. Bitnine willfully and maliciously misappropriated DiscoverOrg's trade secrets by using the information contained in DiscoverOrg's proprietary computer systems for Bitnine's financial gain without authorization.

23. Bitnine's actions have damaged DiscoverOrg through the lost opportunity to realize licensing revenue and the diminution of the market value of its proprietary information. Bitnine has been unjustly enriched by the use of valuable marketing and sales information without paying compensation and through the consummation of business transactions that would not have occurred without use of the stolen information. DiscoverOrg would, in the alternative, be entitled to a reasonable royalty for Bitnine's use of the information.

24. Bitnine is liable to DiscoverOrg for damages for DiscoverOrg's actual losses and Bitnine's unjust enrichment, in an amount to be proven at trial, or for a reasonable royalty pursuant to 18 U.S.C. § 1836(b)(3)(B). DiscoverOrg is entitled to an injunction preventing Bitnine from continuing to possess or use information obtained from DiscoverOrg's database, or requiring Bitnine to pay a reasonably royalty for future use. Finally, DiscoverOrg is entitled to exemplary damages under 18 U.S.C. § 1836(b)(3)(C), and to its reasonable attorneys' fees under 18 U.S.C. § 1836(b)(3)(D).

## SECOND CLAIM FOR RELIEF

### (Misappropriation of Trade Secrets – Cal. Civ. Code § 3426 et seq.)

25. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 23.

26. Bitnine is liable to DiscoverOrg for damages for DiscoverOrg's actual losses and Bitnine's unjust enrichment, in an amount to be proven at trial. DiscoverOrg is entitled to an injunction preventing Bitnine from continuing to possess or use information obtained from DiscoverOrg's database, or requiring Bitnine to pay a reasonably royalty for future use. Finally, DiscoverOrg is entitled to exemplary damages under Cal. Civ. Code § 3426.3(c), and to its reasonable attorney fees under Cal. Civ. Code § 3426.4.

## THIRD CLAIM FOR RELIEF

### (Misappropriation)

27. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 25.

28. DiscoverOrg gathers, organizes, generates, collects, and assembles in-depth, commercially valuable information (including reporting structures, contact information, and other data) expending substantial time, labor, and expense to do so.

29. Bitnine intentionally and without permission used information from DiscoverOrg's database to increase its profits. Bitnine has taken a "free ride" on

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

DiscoverOrg's skill, labor, and costly and substantial efforts in creating and securing its commercially valuable database.

30.   DiscoverOrg has lost profits and suffered the diminution of the market value of its database because of Bitnine's actions.  As a result, Bitnine is liable to DiscoverOrg for compensatory damages, including wrongfully derived revenues in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

### (Copyright)

### Count 1 — Copyright Infringement 17 U.S.C. § 501 *et seq.*

31.   DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 29.

32.   DiscoverOrg's database is an original work of authorship containing copyrightable subject matter for which copyright protection exists under the Copyright Act.  DiscoverOrg has filed for copyright registration with the United States Copyright Office in compliance with 17 U.S.C. § 101 *et seq*.  DiscoverOrg's copyright was registered December 27, 2010, with registration number TX0007487999.

33.   As owner of all right, title, and interest in and to the copyrighted works, DiscoverOrg is entitled to all the exclusive rights and remedies accorded by Section 106 of the Copyright Act to a copyright owner.  Those rights include the exclusive rights to reproduce the copyrighted works and to sell non-exclusive licenses to those copyrighted works.

34.   Bitnine made and used copies of DiscoverOrg's copyrighted material without authorization or license from DiscoverOrg.  Bitnine used those copies for Bitnine's financial gain without paying DiscoverOrg.  In doing so, Bitnine violated DiscoverOrg's exclusive rights of reproduction and distribution.

35.   At all relevant times, Bitnine had the duty and the ability to supervise and monitor the actions of its employees and agents.  Bitnine's employees performed

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

their actions within the scope of their employment and on Bitnine's behalf and for its direct financial benefit.

36. Bitnine knowingly induced, caused, facilitated, encouraged, and/or or materially contributed to the infringing conduct.

37. Bitnine's willful infringing conduct has disregarded DiscoverOrg's rights.

38. As a direct and proximate result of the foregoing acts, DiscoverOrg has been and will continue to be harmed. Under 17 U.S.C. § 504(b), DiscoverOrg is entitled to its actual damages, including any and all of Bitnine's profits attributable to its wrongful conduct, or statutory damages under 17 U.S.C. § 504(c). DiscoverOrg is also entitled to its costs, including reasonable attorney fees, under 17 U.S.C. § 505.

## Count 2 — Circumvention of Copyright Protection Systems
## (17 U.S.C. §§ 1201, 1203)

39. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 37.

40. DiscoverOrg employs technical measures, including password-protection, mail monitoring, and list protection to protect its copyrighted works. These works include its database, business intelligence reports, and supporting infrastructure, which effectively control access to these works.

41. Bitnine, without authorization, circumvented these measures to access and use DiscoverOrg's copyrighted works.

42. As a direct and proximate result of the foregoing acts, DiscoverOrg has been and will continue to be harmed. DiscoverOrg is entitled to its actual damages, in addition to any of Bitnine's profits attributable to its conduct, under 17 U.S.C. § 1201(c)(1)-(2). In the alternative, DiscoverOrg is entitled to statutory damages under 17 U.S.C. § 1201(c)(3). DiscoverOrg is also entitled to its reasonable attorneys' fees and costs under 17 U.S.C. § 1203(b)(4)-(5).

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment)

43. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 41.

44. Bitnine used DiscoverOrg's commercially valuable data without paying DiscoverOrg. This action benefitted and unjustly enriched Bitnine to DiscoverOrg's detriment.

45. Bitnine is therefore liable to DiscoverOrg for this unjust enrichment in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

### (Negligence)

46. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 44.

47. At all relevant times, Bitnine had a duty to take reasonable care in training and supervising its employees and other agents acting on its behalf.

48. Bitnine breached this duty in two ways: (1) by failing to train and supervise its employees regarding basic data security obligations; and (2) by allowing its employees to participate in the unlawful conduct alleged above. A reasonable entity would have implemented and enforced a policy banning this kind of conduct. Bitnine failed to do so.

49. It is foreseeable that the failure to train and supervise employees and other agents about appropriate methods for obtaining sales and marketing information for the benefit of Bitnine would harm DiscoverOrg.

50. As a direct and proximate cause of Bitnine's negligence, DiscoverOrg lost profits. Bitnine's negligence also reduced the market value of DiscoverOrg's database. Bitnine is therefore liable to DiscoverOrg for compensatory damages in an amount to be proven at trial.

# **PRAYER FOR RELIEF**

WHEREFORE, DiscoverOrg prays for the following relief:

1. Entry of judgment in its favor and against Bitnine on all counts;

2. A declaration that Bitnine's unlawful conduct was willful and knowing;

3. As to its First Claim for Relief, DiscoverOrg's actual damages, restitution for Bitnine's unjust enrichment, or a reasonably royalty, in an amount to be proven at trial;

4. As to its Second Claim for Relief, DiscoverOrg's actual damages, restitution for Bitnine's unjust enrichment, or a reasonably royalty, in an amount to be proven at trial;

5. As to its Third Claim for Relief, compensatory damages in an amount to be proven at trial;

6. As to its Fourth Claim for Relief, actual damages in an amount to be proven at trial, or statutory damages as provided for by 17 U.S.C. § 504(c) and 17 U.S.C. § 1201(c)(3);

7. As to its Fifth Claim for Relief, restitution for Bitnine's unjust enrichment;

8. As to its Sixth Claim for Relief, compensatory damages in an amount to be proven at trial;

9. An award of exemplary damages for Bitnine's willful and knowing infringement, theft, and misappropriation;

10. Immediate and permanent injunctive relief enjoining Bitnine from using DiscoverOrg's trade secrets, copyrighted materials, and misappropriated products and services, or requiring Bitnine to pay a reasonable royalty for future use;

11. An award of DiscoverOrg's costs of suit, including the costs of experts and reasonable attorneys' fees as permitted by law, including 18 U.S.C. § 1836(b)(3)(D), Cal. Civ. Code § 3426.4, 17 U.S.C. § 505, and 17 U.S.C. §§ 1203(b)(4)-(5); and

12. An award of pre- and post-judgment interest; and such other relief as the Court may deem just and equitable.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), DiscoverOrg demands a jury trial.

DATED: December 11, 2019

LANE POWELL PC

By  /s/ Darin M. Sands
Darin M. Sands, Bar No. 257363
E-mail: sandsd@lanepowell.com

Attorneys for Plaintiff DiscoverOrg Data, LLC

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

12

COMPLAINT
Case No. 5:19-cv-8098