Darin M. Sands, Bar No. 257363
sandsd@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Plaintiff
 DiscoverOrg Data, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DISCOVERORG DATA, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BITNINE GLOBAL, INC., a California corporation,<br><br>Defendant. | Civil No. 5:19-cv-08098-LHK<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT**<br><br>Judge: Hon. Lucy H. Koh<br>Hearing Date:<br>Hearing Time:<br>Courtroom: 8 – 4th Floor<br><br>**FILED UNDER SEAL** |

# TABLE OF CONTENTS

Page

**NOTICE OF MOTION** ................................................................................................1

**MOTION** ......................................................................................................................1

   I. INTRODUCTION .................................................................................................1

   II. EVIDENCE RELIED UPON ..............................................................................1

   III. JURISDICTION AND VENUE ........................................................................1

**MEMORANDUM OF POINTS AND AUTHORITIES** .........................................2

   IV. STATEMENT OF FACTS .................................................................................2

      A.   Background. ....................................................................................................2

      B.   Bitnine's Wrongful Conduct. .........................................................................3

      C.   Damages. ........................................................................................................5

          1.  Actual Damages. .....................................................................................5

          2.  Exemplary Damages. ..............................................................................7

          3.  Attorneys' Fees and Costs. .....................................................................8

      D.   Procedural History. ........................................................................................8

   V. ARGUMENT ........................................................................................................9

      A.   DiscoverOrg Would Be Prejudiced If a Default Judgment Were Not Entered. .........................................................................................................9

      B.   DiscoverOrg's Claims Have Merit and Are Properly Pled. ........................10

      C.   The Damages Sought Are Reasonable and Supported by the Evidence. ...12

      D.   There is No Reasonable Possibility of Dispute Regarding the Material Facts. ............................................................................................................12

      E.   Bitnine's Default Was Not Due to Excusable Neglect. ..............................13

      F.   A Decision on the Merits is Not Reasonably Possible in This Case. ........13

   VI. CONCLUSION .................................................................................................14

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX 503.778.2200

i

710004.0079/8031582.2     PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT
Case No. 5:19-cv-08098

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aldabe v. Aldabe*,
   616 F.2d 1089 (9th Cir. 1980) ................................................................................... 9

*Atl. Inertial Sys. Inc. v. Condor Pac. Indus. of California, Inc.*,
   2015 WL 3825318 (C.D. Cal. June 18, 2015) ........................................................... 6

*Eitel v. McCool*,
   782 F.2d 1470 (9th Cir. 1986) ..................................................................... 9, 10, 12

*Fair Hous. of Marin v. Combs*,
   285 F.3d 899 (9th Cir. 2002) ..................................................................................... 9

*Getty Images (US), Inc. v. Virtual Clinics*,
   No. C13-0626JLR, 2014 WL 358412 (W.D. Wash. Jan. 31, 2014) ............ 10, 13

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ................................................................................................ 8

*Lottotron, Inc. v. Telepublicidad, S.A.*,
   No. CIV.A. 10-337 SRC, 2013 WL 6050009 (D.N.J. Nov. 14,
   2013) ......................................................................................................................... 6

*Marshall Wealth Mgmt. Grp., Inc. v. Santillo*,
   18-CV-03510-LHK, 2019 WL 79036 (N.D. Cal. Jan. 2, 2019) ................... 10, 12

*PepsiCo Inc. v. Cal Sec. Cans*,
   238 F. Supp. 2d 1172 (C.D. Cal. 2002) ............................................................... 12

*In re Sotera Wireless, Inc.*,
   794 F. App'x 625 (9th Cir. 2020) ........................................................................... 5

*Trung Gian Corp. v. Twinstar Tea Corp.*,
   No. C 06–03594 JSW, 2007 WL 1545173 (N.D. May 29, 2007) ....................... 12

*Veritas Operating Corp. v. Microsoft Corp.*,
   2008 WL 7404617 (W.D. Wash. Feb. 26, 2008) ................................................... 5

ii

710004.0079/8031582.2    PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT
Case No. 5:19-cv-08098

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX 503.778.2200

**Statutes**

18 U.S.C. § 1836(b)(3)(B)(ii) ................................................................................................5

18 U.S.C. § 1836(b)(3)(C) ................................................................................................7, 8

18 U.S.C. § 1836(b)(3)(D) ...................................................................................................8

28 U.S.C. §§ 1331 and 1338(a) and (b) ...............................................................................1

28 U.S.C. § 1367 ..................................................................................................................1

28 U.S.C. § 1391(b)(1) ........................................................................................................1

28 U.S.C. § 1400(a) .............................................................................................................1

Cal. Civ. Code § 3426.3(b) ..................................................................................................5

Cal. Civ. Code § 3426.3(c) ...............................................................................................7, 8

Cal. Civ. Code § 3426.4 .......................................................................................................8

California Uniform Trade Secrets Act, Cal Civ. Code § 3426 *et seq.* ...................... 11

Copyright Act, 17 U.S.C. § 501 *et seq.* ........................................................................... 11

Defend Trade Secrets Act, 18 U.S.C. § 1832 *et seq.* ...................................................... 10

Digital Millennium Copyright Act, 17 U.S.C §§ 1201, 1203 .......................................... 11

**Other Authorities**

Fed. R. Civ. P. 55(b) ............................................................................................................9

Federal Rule of Civil Procedure 55 .....................................................................................1

Fed. R. Civ. P. 55(b)(2) .......................................................................................................9

iii

710004.0079/8031582.2   PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT
Case No. 5:19-cv-08098

# NOTICE OF MOTION

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that on May 28, 2020, or as soon thereafter as counsel may be heard, in Courtroom 8, of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, California, Plaintiff ZoomInfo Technologies LLC, f/k/a DiscoverOrg Data, LLC, will move, and hereby does move, pursuant to Federal Rule of Civil Procedure 55, for a default judgment against Defendant Bitnine Global, Inc.

# MOTION

## I. INTRODUCTION

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiff ZoomInfo Technologies LLC f/k/a DiscoverOrg Data LLC ("DiscoverOrg") moves for default judgment against the Defendant Bitnine Global, Inc. ("Bitnine") in the form of the proposed judgment submitted herewith or as the Court may otherwise deem just and equitable.

## II. EVIDENCE RELIED UPON

This motion is based on the declarations of Philip Watson, Jie Smith and Darin M. Sands, as well as the pleadings and documents on file with the Court in this matter.

## III. JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the federal claims in this case under 28 U.S.C. §§ 1331 and 1338(a) and (b). The Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. The Court has personal jurisdiction over Bitnine because it is a California corporation with its principal place of business located in Santa Clara, California. (ECF No. 1, Complaint ("Compl.") ¶¶ 2-4.) Venue is proper in this district, because Bitnine resides in this district. 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1400(a).

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

# MEMORANDUM OF POINTS AND AUTHORITIES

## IV. STATEMENT OF FACTS

### A. Background.

DiscoverOrg curates a highly accurate database of information used by businesses worldwide in connection with their business-to-business sales, marketing, and recruiting (the "Database"). (Compl. ¶¶ 6–9.) It delivers this data to paying subscribers via a password-secured, online graphical user interface. (Compl. ¶ 6.) DiscoverOrg's paying subscribers gain access to its Database of marketing information profiling businesses in the United States and across the globe. (*Id.*) DiscoverOrg has been recognized as an industry leader in sales and marketing intelligence because the depth, breadth, and accuracy of its Database is unrivaled in the marketplace. (*Id.*)

DiscoverOrg has invested and continues to invest tens of millions of dollars to develop and maintain the infrastructure, content and quality of its Database. (Compl. ¶ 7.) To deliver timely and comprehensive data to licensees, DiscoverOrg employs more than 150 research analysts focused on building, managing, and updating DiscoverOrg's Database. DiscoverOrg expends substantial labor, time, and resources to collect, organize, and disseminate the information in its Database. (Compl. ¶ 7.) In total, DiscoverOrg employs more than 1,200 employees and has made significant investments in developing and purchasing software, hardware, and other equipment to support its Database. (Compl. ¶ 7.) DiscoverOrg's Database displays the selection, arrangement, orchestration, compilation, and presentation of the organizational charts, contacts, and other information collected and assembled by DiscoverOrg's analysts. (Compl. ¶ 7.)

The Database is maintained and made available to clients through a computer system that is used in interstate commerce. (Compl. ¶¶ 17-18.) DiscoverOrg has over 3,000 customers, including some of the world's largest technology companies; all of whom access DiscoverOrg's Database by logging onto it over the Internet via

2

710004.0079/8031582.2      PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT
Case No. 5:19-cv-08098

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

DiscoverOrg's website.  (Declaration of Philip Watson ("Watson Decl.") ¶ 3.)

DiscoverOrg's Database is commercially valuable to Bitnine because it uses the detailed information collected and arranged by DiscoverOrg to effectively market and sell its products and services.  (Compl. ¶ 8.)  DiscoverOrg's Database is also an original work of authorship containing copyrightable and copyrighted material with registration number TX0007487999.  (Compl. ¶ 32.)

The Database's value depends on its exclusivity.  (Compl. ¶ 9.)  To protect the Database's value, DiscoverOrg implements reasonable security measures.  (Compl. ¶ 9.)  For example, access to DiscoverOrg's Database requires a password, and only customers that have signed restrictive license agreements receive passwords.  (Compl. ¶ 9.)  DiscoverOrg also uses mail monitoring and list protection to secure the integrity of its Database.  (Compl. ¶ 9.)

**B.    Bitnine's Wrongful Conduct.**

Instead of acquiring a license from DiscoverOrg to access the proprietary and confidential subscriber-only portions of the platform, Bitnine, without authorization from DiscoverOrg, obtained and used login credentials and passwords issued to a DiscoverOrg client to access DiscoverOrg's proprietary information.  (Compl. ¶¶ 10, 21.)  Bitnine then used this information to sell its products and services.  (Compl. ¶¶ 10-11.)  This conduct presents a critical threat to DiscoverOrg:  if everyone did what Bitnine did, DiscoverOrg could not survive as a business, and the resource DiscoverOrg provides to its customers would be completely lost.  (Compl. ¶ 10.)  Through its actions, Bitnine sought to enjoy a "free ride" off the license fees paid by DiscoverOrg's legitimate customers.  (Compl. ¶ 10.)

Beginning in March 2019, Bitnine used DiscoverOrg's proprietary information to sell Bitnine's products and services.  (Compl. ¶ 11.)  Bitnine accessed and downloaded at least 273,139 records from the Database and commercially exploited that information for its sales and marketing purposes, including by conducting email marketing campaigns using the stolen data.  (Compl. ¶ 11.)  Bitnine

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

acted knowingly, intentionally, and willfully in accessing and using DiscoverOrg's proprietary information without authorization and without compensating DiscoverOrg. (Compl. ¶ 12.) Bitnine wrongfully profited from its unauthorized use of DiscoverOrg's proprietary information, including, but not limited to, by reducing the time, effort, and expense associated with identifying and contacting potential new customers and business opportunities. (Compl. ¶ 12.)

Through its mail monitoring and list protection technology, DiscoverOrg captured traceable emails marketing Bitnine's products and services using accounts issued ███████████████████████████████████████████, current DiscoverOrg clients. (Declaration of Jie Smith ("Smith Decl.") ¶ 3.) These traceable addresses are linked to the roughly 273,179 downloaded records. (*Id.*) The only way Bitnine could send these traceable emails was to access and download data from the Database using ████████████ access credentials. (*Id.*)

As a result, Bitnine knew that DiscoverOrg's data was confidential and proprietary and subject to restrictive license agreements. (Compl. ¶ 13.) Even so, Bitnine knowingly accessed and used DiscoverOrg's data for its own sales and marketing purposes without any license or authorization to do so. (Compl. ¶ 13.) Bitnine took these actions to profit from DiscoverOrg's data without paying DiscoverOrg. (Compl. ¶ 13.) Bitnine has wrongfully profited from these activities and has reduced the market value of DiscoverOrg's Database. (Compl. ¶ 13.)

Further, Bitnine downloaded and made copies of DiscoverOrg's copyrighted material without authorization. (Compl. ¶ 34.) Bitnine then used those copies for Bitnine's financial gain without paying DiscoverOrg. (Compl. ¶ 34.) In doing so, Bitnine violated DiscoverOrg's exclusive rights of reproduction and distribution. (Compl. ¶ 34.) And Bitnine circumvented DiscoverOrg's security measures to access its copyrighted material by bypassing DiscoverOrg's password-protected system obtaining and using login credentials without authorization. (Compl. ¶¶ 40-41.)

At all relevant times, Bitnine had a duty to train and supervise the conduct of

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

4

710004.0079/8031582.2

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT
Case No. 5:19-cv-08098

its employees and agents acting on its behalf. (Compl. ¶ 14.) Bitnine breached this duty in two ways:

(1) by failing to train and monitor its employees and agents adequately; and

(2) by failing to have appropriate policies in place regarding unauthorized access to computer systems, communication, storage networks, and copyrighted works and trade secrets, and/or failing to enforce such policies. (Compl. ¶ 14.)

All of Bitnine's actions were performed by employees or other agents of Bitnine within the scope of their employment or other agency relationship with Bitnine, on Bitnine's behalf, and for Bitnine's benefit. (Compl. ¶ 15.)

**C.  Damages.**

DiscoverOrg is entitled to actual damages, exemplary damages, and attorneys' fees and costs in the amounts described below.

**1.  Actual Damages.**

DiscoverOrg's federal and state trade secrets claims authorize an award of reasonable royalty in lieu of other damages measures. *See* 18 U.S.C. § 1836(b)(3)(B)(ii); Cal. Civ. Code § 3426.3(b). Awarding damages based on a reasonable royalty measure is appropriate here because DiscoverOrg did not have access to discovery to prove actual loss or unjust enrichment. *See In re Sotera Wireless, Inc.*, 794 F. App'x 625, 628 (9th Cir. 2020) ("[W]hen calculating a monetary remedy for the past use of a misappropriated trade secret, a court 'may order' reasonable royalties '[i]f neither damages [for actual loss] nor unjust enrichment caused by misappropriation are provable.'") (citation omitted); *see also Veritas Operating Corp. v. Microsoft Corp.*, 2008 WL 7404617, at *2 (W.D. Wash. Feb. 26, 2008) (noting that "a reasonable royalty measure has long been one of a number of calculations available to measure damages for trade secret misappropriation, particularly the value of the benefit received by a defendant who misappropriates trade secrets").

To determine the measure of a reasonable royalty, courts calculate "what the

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

parties would have agreed to as a fair licensing price at the time that the misappropriation occurred." *Atl. Inertial Sys. Inc. v. Condor Pac. Indus. of California, Inc.*, 2015 WL 3825318, at *10 (C.D. Cal. June 18, 2015); *see also Lottotron, Inc. v. Telepublicidad, S.A.*, No. CIV.A. 10-337 SRC, 2013 WL 6050009, at *3 (D.N.J. Nov. 14, 2013) ("Courts may ascertain a reasonable royalty by determining the royalty to which a willing licensor and a willing licensee would have agreed at the time the infringement began."). To that end, courts consider the following factors: (1) what prices past purchasers or licensees may have paid; (2) the total value of the secret to the plaintiff, including the plaintiff's development costs and the importance of the secret to the plaintiff's business; (3) the nature and extent of the use the defendant intended for the secret; and (4) other unique factors in the particular case which might have affected the parties' agreement, such as the ready availability of alternative processes. *See Atl. Inertial*, 2015 WL 3825318, at *10.

These factors support a robust reasonable royalty award here. The value of the Database and the information contained therein depends on its exclusivity. (Compl. ¶¶ 8-9.) The annual contract value for DiscoverOrg customers is heavily dependent on the level of access to the DiscoverOrg Database that is selected by the customer. (Watson Decl. ¶ 4.) Unfortunately, without discovery in this matter, it is impossible for DiscoverOrg to determine the volume of sales Bitnine has achieved as a result of the stolen data. It is worth noting, however, that some DiscoverOrg clients have claimed to experience returns on their investment of many times the investment. (Watson Decl. ¶ 5.)

Even so, DiscoverOrg seeks actual damages only in the amount of the subscription fee that is paid by clients who wish to receive access to the DiscoverOrg Database that is comparable to the scope of access associated with ▮▮▮▮▮▮▮▮▮▮, the customer account Bitnine used to misappropriate DiscoverOrg's data. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Watson Decl. ¶ 6.) ▮

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

6

1
2  ██████████████████████████████████████. (*Id.*)
3
4  ██████████████████████████████. (Watson Decl. ¶ 7.)

5   Therefore, DiscoverOrg seeks a reasonable royalty of $85,200 as
6   compensatory damages for Bitnine's wrongful conduct.

### 2. Exemplary Damages.

Federal and California trade secret law authorizes an award of exemplary damages if willful and malicious conduct exists. 18 U.S.C. § 1836(b)(3)(C); Cal. Civ. Code § 3426.3(c). DiscoverOrg is entitled to exemplary damages here because Bitnine engaged in willful and malicious conduct.

DiscoverOrg's platform may not be accessed without password authentication. (Smith Decl. ¶ 3.) Instead of acquiring a license from DiscoverOrg to access the proprietary and confidential subscriber-only portions of the platform, Bitnine gained unauthorized access to DiscoverOrg's proprietary information from the Database. (Compl. ¶ 10.) Bitnine then used this information to sell its products and services. (Compl. ¶ 10.) Bitnine knew that its actions were not authorized because it improperly acquired proprietary and confidential information from DiscoverOrg by using login credentials issued to ████████. (Compl. ¶ 20.) Thus, Bitnine sought to enjoy a "free ride" off of the license fees paid by DiscoverOrg's legitimate customers. (Compl. ¶ 10.) Bitnine took these actions willfully and maliciously, warranting exemplary damages under Cal. Civ. Code § 3426.3(c) and 18 U.S.C. § 1836(b)(3)(C) to deter this conduct.

Although DiscoverOrg takes measures to identify unauthorized access to and use of its data, there are limits to its ability to do so. (Smith Decl. ¶ 5.) Some unauthorized access and use goes undetected, and some apparent misappropriation is too difficult to prove. (Smith Decl. ¶ 5.) It is therefore imperative to increase the cost of Bitnine's willful misconduct to account for the decreased probability of

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

detection, in order to achieve the appropriate level of deterrence. Cal. Civ. Code § 3426.3(c) and 18 U.S.C. § 1836(b)(3)(C) cap exemplary damages of twice the amount of compensatory damages. To deter Bitnine's deliberate, willful, and malicious conduct, DiscoverOrg requests exemplary damages be awarded in that amount, $170,400.

### 3. Attorneys' Fees and Costs.

Finally, DiscoverOrg seeks attorneys' fees and costs incurred prosecuting this action. Under 18 U.S.C. § 1836(b)(3)(D) and Cal. Civ. Code § 3426.4, courts may award reasonable attorneys' fees if the defendant willfully and maliciously misappropriates the plaintiff's trade secrets. Here, DiscoverOrg is entitled to attorneys' fees because, as discussed above, Bitnine acted willfully and maliciously in misappropriating DiscoverOrg's trade secrets for financial gain.

To calculate the fee, courts multiply the number of hours expended by the reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The rate for the attorneys who performed work on this matter is reasonable. (Declaration of Darin M. Sands ("Sands Decl.") ¶¶ 3-5.) And the billing records demonstrate that time was not wasted. (Sands Decl. ¶ 6, Ex. B.) The reasonable attorney's fees amount to $4,570.65. (*Id*.) Litigation costs incurred in prosecuting this action total $951.71. (Sands Decl. ¶ 2, Ex. A). Litigation costs were also reasonably incurred. (Sands Decl. ¶ 2.)

In sum, DiscoverOrg seeks judgment in the amount of $261,122.36 including compensatory damages, exemplary damages, and attorneys' fees and costs.

### D. Procedural History.

DiscoverOrg filed its complaint on December 11, 2019. (ECF. No. 1.) On February 4, 2020, Bitnine was served with a copy of the summons and complaint by delivering, personally and in person, to Joshua Young Sun Bae, who is the Registered Agent thereof, at 3945 Freedom Circle, No. 260, Santa Clara, California 95054. (ECF No. 16.)

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

Bitnine did not respond or otherwise defend this action within the time allowed by law. Thus, on March 10, 2020, DiscoverOrg moved for an order of default against Bitnine. (ECF No. 17). The Clerk of Court entered an order of default against Bitnine on March 12, 2020. (ECF No. 19.)

## V. ARGUMENT

Under Rule 55(b)(2), the Court may enter a default judgment when the Clerk has previously entered the party's default. Fed. R. Civ. P. 55(b). Once the Clerk enters default, all well-pleaded allegations regarding liability are taken as true, except with respect to damages. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The decision to grant a default judgment is a discretionary one. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

District courts in the Ninth Circuit consider the following factors in exercising this discretion:

(1) the possibility of prejudice to the plaintiff;

(2) the merits of plaintiff's substantive claim;

(3) the sufficiency of the complaint;

(4) the sum of money at stake in the action;

(5) the possibility of a dispute concerning material facts;

(6) whether the default was due to excusable neglect; and

(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). On balance, these factors weigh heavily in favor of a default judgment for DiscoverOrg.

**A.  DiscoverOrg Would Be Prejudiced If a Default Judgment Were Not Entered.**

DiscoverOrg would be prejudiced by non-entry of a default judgment in this case. Without a default judgment acting as a deterrent, Bitnine would wrongfully benefit from the use of DiscoverOrg's proprietary and commercially valuable data

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX 503.778.2200

without compensation to DiscoverOrg. Further, because Bitnine failed to defend itself against this action, DiscoverOrg "would be deprived of a remedy 'until such time as Defendant participates * * * in the litigation—which may never occur.'" *Getty Images (US), Inc. v. Virtual Clinics*, No. C13-0626JLR, 2014 WL 358412, at *3 (W.D. Wash. Jan. 31, 2014). And without a remedy, other entities seeking to misappropriate DiscoverOrg's data would feel empowered to follow Bitnine's steps. Accordingly, this factor supports default judgment.

### B. DiscoverOrg's Claims Have Merit and Are Properly Pled.

The second and third *Eitel* factors address the merits and sufficiency of the plaintiff's claims as pled in the Complaint. "These two factors are often analyzed together." *Marshall Wealth Mgmt. Grp., Inc. v. Santillo*, 18-CV-03510-LHK, 2019 WL 79036, at *5 (N.D. Cal. Jan. 2, 2019).

As alleged in DiscoverOrg's Complaint, Bitnine's employees or other authorized agents, acting in its name and for its benefit, gained unauthorized access to DiscoverOrg's Database, downloaded commercially valuable and proprietary information, and used that information to market and promote Bitnine's goods and services. (Compl. ¶¶ 10-15.) Bitnine knew that DiscoverOrg's data was confidential, but it still willfully and maliciously accessed and used this data without authorization to profit and reduce the market value of DiscoverOrg's Database. (Compl. ¶¶ 10-15.) These facts, and the other facts presented herein and in the complaint, demonstrate that Bitnine is liable to DiscoverOrg on each of DiscoverOrg's causes of action.

As to the first cause of action, Bitnine violated the Defend Trade Secrets Act, 18 U.S.C. § 1832 *et seq.*, by intentionally and knowingly accessing and using information from DiscoverOrg's proprietary Database without authorization, in interstate commerce. (Compl. ¶¶ 17-20.) By using login credentials not issued to Bitnine, Bitnine received and possessed information from DiscoverOrg's proprietary Database that Bitnine knew to have been converted without authorization. (Compl.

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

¶¶ 17-20.) Bitnine also knew that this information came from persons that owed DiscoverOrg a duty it maintain its secrecy. (Compl. ¶ 20.) Bitnine gained economic benefits by the use of valuable marketing and sales information and through the consummation of business transactions that would not have occurred without use of the stolen information. (Compl. ¶ 23.) These actions deprived DiscoverOrg of just compensation, lost opportunity to realize licensing revenue, and the diminution of the market value of its proprietary information. (Compl. ¶¶ 23-24.)

As to the second cause of action, Bitnine violated the California Uniform Trade Secrets Act, Cal Civ. Code § 3426 *et seq.*, by willfully and maliciously, acquiring DiscoverOrg's trade secrets by improper means, including theft, for Bitnine's commercial benefit without compensation to DiscoverOrg. (Compl. ¶¶ 25-26.)

As to the third cause of action, Bitnine's actions also constitute common law misappropriation of trade secrets for the reasons stated above, except to the extent such a claim is deemed to conflict with the Cal Civ. Code § 3426 *et seq.* If so, DiscoverOrg asks that this claim be deemed withdrawn.

As to the fourth cause of action, Bitnine violated the Copyright Act, 17 U.S.C. § 501 *et seq.*, by downloading and making copies of DiscoverOrg's copyrighted material without authorization or license from DiscoverOrg. (Compl. ¶¶ 32-33.) Bitnine used those copies for Bitnine's financial gain without compensating DiscoverOrg, and in doing so violated DiscoverOrg's exclusive rights of reproduction and distribution. (Compl. ¶ 34.) Bitnine's acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of DiscoverOrg. (Compl. ¶¶ 34-37.)

Bitnine also violated the Digital Millennium Copyright Act, 17 U.S.C §§ 1201, 1203. Bitnine did so by bypassing the technical measures DiscoverOrg employs to protect its copyrighted material, such as password-protection, to access and use DiscoverOrg's Database without authorization. (Compl. ¶¶ 40-41.)

As to the fifth cause of action, Bitnine's use of DiscoverOrg's commercially

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

valuable data without paying DiscoverOrg benefitted and unjustly enriched Bitnine to DiscoverOrg's detriment.  (Compl. ¶¶ 44-45.)

As to its sixth cause of action, Bitnine had a duty to take reasonable care in training and supervising its employees and other agents acting on its behalf.  Bitnine breached this duty in two ways:  (1) by failing to train and supervise its employees regarding basic data security obligations; and (2) by allowing its employees to participate in the unlawful conduct set forth above.  Bitnine's failures caused DiscoverOrg to lose revenue and reduced the market value of its Database.  (Compl. ¶¶ 47-50.)

## C. The Damages Sought Are Reasonable and Supported by the Evidence.

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo Inc. v. Cal Sec. Cans*, 238 F. Supp. 2d 1172, 1178 (C.D. Cal. 2002).  "The Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable." *Trung Gian Corp. v. Twinstar Tea Corp.*, No. C 06–03594 JSW, 2007 WL 1545173, at *12 (N.D. May 29, 2007).

This factor also weighs in favor of a default judgment.  As outlined above, the damages DiscoverOrg seeks are properly documented and correspond to Bitnine's willful and malicious wrongdoing.  DiscoverOrg seeks a total of $255,600 in compensatory and exemplary damages, plus attorney's fees and costs in the amount of $5,522.36.

## D. There is No Reasonable Possibility of Dispute Regarding the Material Facts.

This factor weighs in favor of a default judgment.  Because Bitnine failed to make an appearance in this case, the Court must take the allegations in the Complaint as true.  *Marshall Wealth*, 2019 WL 79036, at *8.  Further, Bitnine's wrongful conduct is documented and is not subject to reasonable dispute.  (Smith Decl. ¶¶ 3-4, Ex. A.)    There is no doubt that Bitnine gained unauthorized access to

12

710004.0079/8031582.2   PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT
Case No. 5:19-cv-08098

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

DiscoverOrg's proprietary information and used that information to sell its products and services. (*Id.*) Beginning in March of 2019, Bitnine used DiscoverOrg's proprietary information to sell Bitnine's products and services. (*Id.*) Bitnine downloaded at least 273,139 records from DiscoverOrg's Database and commercially exploited that information for its sales and marketing purposes, including by conducting e-mail marketing campaigns using the stolen data. (*Id.*)

There is simply no explanation for these facts other than the intentional, unlawful access to the Database, and misappropriation and commercial exploitation of DiscoverOrg's proprietary trade secret information. Because DiscoverOrg "has made allegations supported by evidence and the [Bitnine] has not challenged those allegations, this factor weighs in favor of default judgment." *Getty Images*, 2014 WL 358412, at *4.

### E.   Bitnine's Default Was Not Due to Excusable Neglect.

Bitnine's failure to defend this matter is not the result of any excusable neglect. Bitnine was properly served with the summons and complaint and has been fully aware of the pendency of this litigation since long before the motion for default was ever filed. Despite knowing about the default and DiscoverOrg's intent to seek default judgment, Bitnine has still not made any effort to seek relief from the default and has not contacted DiscoverOrg regarding any other possibilities of resolution. (Sands Decl. ¶ 7.) Thus, Bitnine's default is due to its culpable conduct.

### F.   A Decision on the Merits is Not Reasonably Possible in This Case.

Although the general policy is to prefer a decision on the merits to a default judgment, even this factor does not weigh against a default judgment here. This is because Bitnine refuses to defend the action or make any other kind of appearance or argument. Despite the convenience of electronic filing, Bitnine has neither denied the allegations nor made any motion challenging the pleadings, jurisdiction, or venue. Because Bitnine's refusal to defend this action precludes the reasonable possibility of a decision on the merits, denying a default judgment would not advance the general

13

710004.0079/8031582.2       PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT
Case No. 5:19-cv-08098

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

policy of preferring a decision on the merits.

## VI. CONCLUSION

For these reasons, DiscoverOrg respectfully requests that the Court enter a default judgment in its favor as requested herein or as the Court otherwise deems just and equitable.

DATED:  May 26, 2020

                            LANE POWELL PC

                            By  /s/ Darin M. Sands
                                 Darin M. Sands, Bar No. 257363
                                 E-mail:  sandsd@lanepowell.com
                            Attorneys for Plaintiff DiscoverOrg Data, LLC

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX 503.778.2200

14

710004.0079/8031582.2

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT
Case No. 5:19-cv-08098