UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DISCOVERORG DATA, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BITNINE GLOBAL, INC.,<br><br>　　　　　Defendant. | Case No. 19-CV-08098-LHK<br><br>**ORDER GRANTING MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 23 |

Plaintiff DiscoverOrg Data, LLC ("Plaintiff") sues Defendant Bitnine Global, Inc. ("Defendant"), bringing trade secret claims, copyright claims, and related claims. Before the Court is Plaintiff's motion to file under seal certain portions of Plaintiff's motion for default judgment and supporting declarations. ECF No. 23. Having considered Plaintiff's motion, the relevant law, and the record in this case, the Court hereby GRANTS Plaintiff's motion to file under seal certain portions of Plaintiff's motion for default judgment and supporting declarations.

I. **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks and citation omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

1    Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court
2    documents for, inter alia, the protection of "a trade secret or other confidential research,
3    development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has
4    adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a]
5    trade secret may consist of any formula, pattern, device or compilation of information which is
6    used in one's business, and which gives him an opportunity to obtain an advantage over
7    competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)
8    (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the
9    production of goods . . . . It may, however, relate to the sale of goods or to other operations in the
10   business . . . ." *Id.* (alterations in original). Furthermore, the U.S. Supreme Court has recognized
11   that sealing may be justified to prevent judicial documents from being used "as sources of
12   business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

13   In addition, parties moving to seal documents must comply with the procedures established
14   by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request
15   that establishes the document is "sealable," or "privileged, protectable as a trade secret or
16   otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be
17   narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local
18   Rule] 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a
19   "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table
20   format each document or portion thereof that is sought to be sealed," as well as an "unredacted
21   version of the document" that "indicate[s], by highlighting or other clear method, the portions of
22   the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1).

23   **II. DISCUSSION**

24   Plaintiff moves to seal portions of Plaintiff's motion for default judgment and supporting
25   declarations. A motion for default judgment is more than tangentially related to the underlying
26   cause of action. *See Koni nklijke Philips Electronics, N.V. v. KXD Tech., Inc.*, 347 F. App'x 275,
27   276 (9th Cir. 2009) (stating that default judgment is "case dispositive"). Accordingly, the

"compelling reasons" standard applies to Plaintiff's motion to seal portions of the motion for default judgment. *See La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, Case No. 09-cv-03529-JSW, 2013 WL 550563, at *1 (N.D. Cal. Feb. 12, 2013) (applying the "compelling reasons" standard to a motion to seal portions of Plaintiff's motion for default judgment).

Here, Plaintiff submits a limited number of proposed redactions within Plaintiff's motion for default judgment and supporting declarations. "[R]edactions have the virtue of being limited and clear, identifying specific names or references to be kept secret." *Kamakana*, 447 F.3d at 1183. Nonetheless, even when there are only a limited number of specific redactions, "a broad, categorical approach" will not meet the "compelling reasons" standard. *Id.*; *see also La. Pac. Corp.*, 2013 WL 550563, at *2 (denying motion to seal because, although the plaintiff only sought to redact a limited amount of information, the plaintiff did "not allege that this information is competitively sensitive, contains a trade secret, could be used for an improper purpose, or in fact, any reason . . . for why the information should be sealed").

Plaintiff argues that redaction is necessary because portions of Plaintiff's motion for default judgment and supporting declarations disclose sensitive competitive information, including information about Plaintiff's pricing and contracts with third parties. Sands Decl. ¶¶ 3–4. According to Plaintiff, "[d]ue to the developing and dynamic nature of Plaintiff's business, information about Plaintiff's database, including pricing and contracts with third-parties, is not common knowledge and is sensitive competitive information." ECF No. 23 at 2.

Compelling reasons to seal may exist if sealing is required to prevent documents from being used "as sources of business information that might harm a litigant's competitive standing." *In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008). Accordingly, courts have found compelling reasons to seal pricing terms where the disclosure of those terms can harm a litigant's competitive standing. *Id.* at 569 (affirming order sealing "pricing terms, royalty rates, and guaranteed minimum payment terms"); *Philips v. Ford Motor Co.*, Case No. 14-cv-02989-LHK, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (concluding that "need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that

justifies sealing"). *Rodman v. Safeway Inc.*, Case No. 11-cv-03003-JST, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motion to seal "information discussing Safeway's pricing strategy, business decisionmaking, and financial records").

Similarly, the Court concludes in the instant case that the competitive harm that would result from the disclosure of Plaintiff's pricing and contracts with third parties is a compelling reason that outweighs the general history of access and the public policies favoring disclosure. *See Kamakana*, 447 F.3d at 1178–79. Accordingly, the Court GRANTS Plaintiff's motion to file under seal portions of the motion for default judgment and supporting declarations.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to file under seal.

**IT IS SO ORDERED.**

Dated: November 6, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge